UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE WILCOX, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>    Defendants. | Case No.: 2:20-cv-01545-JAD-NJK<br><br>**ORDER**<br><br>[Docket No. 8] |

Pending before the Court is Defendant Portfolio Recovery Associates, LLC's motion to dismiss. Docket No. 8. The Court has considered Defendant's motion, Plaintiffs' response, and Defendant's reply. Docket Nos. 8, 11, 14. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

On March 12, 2020, Plaintiffs initiated an action against Defendant in state court. Docket No. 1-1. On August 21, 2020, Defendant removed the action to this Court. Docket No. 1. On September 10, 2020, Defendant moved to dismiss Plaintiffs' complaint for insufficient service of process and for failure to state a claim. Docket No. 8.

**II.    STANDARDS**

A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process."[1] Fed.R.Civ.P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v.*

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

*Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Once service of process is properly challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  District courts have broad discretion to either dismiss an action entirely for failure to effectuate service or to quash the defective service and permit re-service.  *See SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).  The Ninth Circuit has emphasized the public policy favoring disposition of cases on their merits.  *See Pagalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  When there remains a chance that service can be accomplished and the defendant has not been prejudiced, courts generally quash service rather than dismissing the case.  *See Hickory Travel Systems, Inc. vs. TUI AG*, 213 F.R.D. 547, 553 (N.D. Cal. 2003) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir. 1992)).

### III.    ANALYSIS

Defendant submits that Plaintiffs' complaint must be dismissed for insufficient service of process.  Docket No. 8 at 3–4.  Service is to be provided pursuant to the law of the forum state.  *See* Fed.R.Civ.P. 4(e)(1).  Nevada law provides that a plaintiff may properly serve a company by delivering a copy of the summons and complaint to the company's authorized officers or registered agents.  *See* Nev.R.Civ.P. 4.2(c)(1)(A); *see also* Nev.Rev.Stat. § 86.261.  Defendant submits that Plaintiffs did not serve any of its authorized officers or registered agents.  Docket No. 8 at 4. Defendant submits that Plaintiffs instead served Michelle Cox, the community manager of the complex in which Defendant maintains a local office.  *Id.*  Defendant further submits that Ms. Cox is not Defendant's employee or registered agent.  Docket No. 8-1 at 3.

In response, Plaintiffs submit that Deputy Sheriff David Amani properly served a copy of the summons and complaint to Defendant's "authorized employee, Michelle Cox."  Docket No. 10 at 3. Plaintiffs cite to Deputy Sheriff Amani's affidavit of service, which states that he delivered a copy of the summons and complaint to "Michelle Cox, community manager."  *Id.* at 11. Plaintiffs further submit that service was proper because filings related to underlying state court actions between the parties listed the same address where Deputy Sheriff Amani effectuated service.  *Id.* at 3.

In reply, Defendant submits that Plaintiffs provide no evidence showing that Ms. Cox is Defendant's authorized agent. Docket No. 14 at 2. Defendant further submits that Deputy Sheriff Amani's affidavit of service does not state that Ms. Cox is Defendant's employee. *Id.* at 3. In response to Plaintiffs' assertion that related state court filings provide the address for proper service, Defendant submits that there is no evidence that Defendant's counsel in the state court actions is authorized to accept service of process for the instant action. *Id.*

The Court finds that Plaintiffs have failed to meet their burden establishing that service was proper. Deputy Sheriff Amani's affidavit of service fails to show that Ms. Cox is Defendant's registered agent or authorized employee. Absent any evidence showing that Ms. Cox is Defendant's registered agent or authorized officer, the Court finds that Plaintiffs' service of process was insufficient. As a result, the Court does not have jurisdiction over Defendant and will not address Defendant's arguments challenging the sufficiency of Plaintiffs' claims. *See Hobby v. Mulhern*, 2005 WL 2739010, at *1 (D. Ariz. Oct. 21, 2005) ("Because Defendant's jurisdictional attack is dispositive in this case, the Court will not address whether Plaintiff has failed to state a claim.").

Defendant submits that Plaintiffs' failure to effectuate service of process warrants dismissal of the instant action. Docket No. 14 at 3. However, Defendant fails to demonstrate that Plaintiffs' insufficient service of process caused prejudice. *See Hickory Travel Systems, Inc.*, 213 F.R.D. at 553. Moreover, a chance remains that service of process can be accomplished. *See id.* Given the public policy favoring disposition of cases on their merits, the Court finds that dismissal of the instant action is not warranted. Rule 4(m) provides for an extension of time to effectuate service of process if a defendant is not served within 90 days after the complaint is filed. Fed.R.Civ.P. 4(m). The Court will allow Plaintiffs until December 14, 2020, to properly effectuate service of process.

**IV. CONCLUSION**

Accordingly, Defendant's motion to dismiss for insufficient service of process is **GRANTED**, with leave to re-serve. Docket No. 8. Service of the summons and complaint is quashed under Rule 12(b)(5). Plaintiffs may effectuate service of process no later than December

3

16, 2020. Failure to effectuate service of process may result in a recommendation that this case be dismissed without prejudice. Upon proper service, Defendant may re-file its motion to dismiss for failure to state a claim.

IT IS SO ORDERED.

Dated: November 16, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE