UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bruce Wilcox and Connie Wilcox, <br><br> Plaintiffs <br><br> v. <br><br> Portfolio Recovery Associates, LLC, <br><br> Defendant | Case No.: 2:20-cv-01545-JAD-NJK <br><br> **Order Granting Motion to Dismiss with Leave to Amend** <br><br> [ECF Nos. 32, 33] |

Pro se plaintiffs Bruce and Connie Wilcox sued Portfolio Recovery Associates, LLC, in state court in response to a now-dismissed debt-collection action initiated by Portfolio.[1] Portfolio removed the case to federal court and now moves to dismiss all the Wilcoxes' claims.[2] Construing the complaint liberally, I find that the Wilcoxes' complaint contains five claims for relief: fraud; violations of two Nevada statutes relating to evidence in debt-collection actions; theft of account, personal, and social security information; violations of the Federal Debt Collection Practices Act (FDCPA); and defamation. Because there is no set of facts that would entitle them to relief for the alleged fraud, Nevada statutory violations, or theft, I dismiss those claims with prejudice and without leave to amend. But I dismiss the Wilcoxes' FDCPA and defamation claims without prejudice and with leave to amend because they are insufficiently pled and require more factual detail.

---

[1] ECF 1-1 (complaint).

[2] ECF 1 (notice of removal).

# Background[3]

The Wilcoxes had a Synchrony Bank credit-card account with a $7,153.94 balance.[4] They disputed with Synchrony the charges on their account, accused Synchrony of breaching their cardmember agreement, and demanded binding arbitration under that contract to no avail.[5] In 2017, when the Wilcoxes refused to make further payments, Synchrony sold the account to Portfolio, a third-party debt collector.[6] In September 2018, Portfolio initiated a debt-collection action against the Wilcoxes in Nevada state court.[7] In that lawsuit, Portfolio falsely accused the Wilcoxes of defaulting on the account after "provid[ing] other persons with their credit cards to make purchases and/or to obtain cash advances."[8]

In October 2019, Portfolio moved to dismiss its own debt-collection action for want of prosecution, alleging that it and the Wilcoxes had engaged in and concluded arbitration,[9] but that "neither party [had] filed a judgment based on the arbitration award or a request for a trial de novo."[10] The Wilcoxes assert that the arbitration never happened and that the account-purchase documents Portfolio filed in state court were neither authenticated nor signed.[11] The state court dismissed the case with prejudice.[12]

---

[3] This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.
[4] ECF No. 1-1 at 38.
[5] *Id.* at 51.
[6] *Id.* at ¶ 13.
[7] *Id.* at ¶ 15.
[8] *Id.* at ¶¶ 19–20.
[9] *Id.* at 63.
[10] *Id.* at ¶ 24.
[11] *Id.* at ¶ 25.
[12] *Id.* at 64.

In the two-year span between Portfolio's purchase of the account and the state court's dismissal of the debt-collection lawsuit, the Wilcoxes received "threatening written statements, harassing phone calls . . . before 8 a.m. and after 10 p.m., numerous phone calls without [the caller] identifying themsel[ves], [and] hang-up calls."[13]  Many of these communications involved the use of "false names, misrepresentations, and fictitious amounts owed," as well as threats of jail time if they didn't "pay up."[14]  In addition, Portfolio "malicious[ly]" and "false[ly]" informed the three major credit bureaus—Experian, TransUnion, and Equifax—of their claim against the Wilcoxes, damaging their credit and resulting in denials of credit and loans and increases to their apartment-security fees and car-insurance premiums.[15]  Portfolio's decision to leave the debt-collection lawsuit languishing and unresolved for more than eighteen months compounded this damage to the Wilcoxes' financial reputation.[16]

In April 2020, the Wilcoxes filed this suit in state court, alleging that Portfolio had defrauded them, violated Nevada laws requiring authentication of debt-collection-related documents, stolen their private information, violated the FDCPA by harassing them while attempting to collect on a fictitious debt, and defamed them and their creditworthiness to the three major credit bureaus.[17]  Portfolio removed the case to this court and now moves to dismiss for failure to state a claim.[18]

---

[13] *Id.* at ¶ 45.
[14] *Id.*
[15] *Id.* at ¶ 47(A).
[16] *Id.* at ¶ 49.
[17] *See generally id.* at ¶¶ 2–32.
[18] ECF Nos. 1, 32–33.  The Wilcoxes have responded, and Portfolio has replied.  ECF Nos. 35–36.

**Discussion**

**I.      Legal standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[19]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[20]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[21]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[22]  When ruling on a Rule 12(b)(6) motion, courts "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[23]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[24]  Mere recitals of a claim's elements, supported by only conclusory statements, are

---

[19] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[20] *Twombly*, 550 U.S. at 570.

[21] *Iqbal*, 556 U.S. at 678.

[22] *Twombly*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (emphasis in original).

[23] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[24] *Iqbal*, 556 U.S. at 678–79.

insufficient.[25]  The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[26]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[27]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[28]

But Rule 8 also requires federal courts to interpret all pleadings "so as to do justice."[29]  And the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[30]  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief."[31]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[32]

---

[25] *Id.*

[26] *Id.* at 679.

[27] *Id.*

[28] *Twombly*, 550 U.S. at 570.

[29] Fed. R. Civ. P. 8(e).

[30] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[31] *Id.* (cleaned up).

[32] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

II.     The Wilcoxes' claims

      A.     The Wilcoxes cannot state a plausible claim for fraud.

To state a claim for fraud in Nevada, the plaintiff must demonstrate (1) a "false representation made by the defendant," (2) the defendant's "knowledge or belief that the representation is false," (3) the defendant's "intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation," (4) the plaintiff's "justifiable reliance upon the misrepresentation," and (5) "[d]amage to the plaintiff resulting from such reliance."[33] Rule 9(b) "requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'"[34] Those circumstances must include the "'who, what, when where, and how' of the misconduct charged."[35] The Wilcoxes' complaint does not meet this heightened pleading standard. Even if it did, the Wilcoxes cannot allege any facts that would demonstrate that Portfolio intended to induce their reliance on a false representation or that they so detrimentally relied.

In the portions of their complaint referring to "fraud," the Wilcoxes allege that, in court documents, Portfolio falsely stated that they gave others access to their credit card, defaulted on the account, owed a certain sum of money, and engaged in arbitration.[36] In addition, they allege that Portfolio "fraudulent[ly]" acquired their account information.[37] Under these circumstances, Portfolio could not have defrauded the Wilcoxes even if it made false statements in its state-court filings. There is no allegation or evidence that Portfolio knew the statements to be false, that it

---

[33] *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).
[34] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)).
[35] *Id.* (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).
[36] ECF No. 1-1 at ¶¶ 19–27.
[37] *Id.* at 22.

intended the Wilcoxes to rely on the statements, that the Wilcoxes did so rely, or that they were damaged *because* of that reliance.  And even if Portfolio perpetrated a fraud upon Synchrony when it purchased the Wilcoxes' account from the bank, only Synchrony would have standing to pursue that claim.[38]  It's clear that the Wilcoxes cannot sufficiently plead the elements of fraud under these facts, so I dismiss their fraud claim with prejudice and without leave to amend.

### B. The Wilcoxes cannot state claims for theft or violations of Nevada law.

The Wilcoxes next allege that Portfolio violated Nevada Revised Statutes §§ 97A.160 and 97A.165, which require that documents filed in debt-collection actions be authenticated and signed.[39]  Even if Portfolio failed to provide authenticated and signed documents evincing the debt in the state-court lawsuit it later dismissed, §§ 97A.160 and 97A.165 do not provide a private right of action under which the Wilcoxes can sue for relief.  Those statutes gave them a basis to challenge the sufficiency and authenticity of Portfolio's state-court complaint and documentary evidence during the pendency of that suit only.  Because amendment would be futile, I dismiss this claim with prejudice and without leave to amend.

The Wilcoxes also allege that Portfolio engaged in theft when it "malicious[ly]" and "collusive[ly]" purchased their Synchrony account for "monetary gain."[40]  But their own admission that Portfolio *purchased* the account belies that claim[41]—a credit-card account that was purchased from its issuer cannot also have been stolen from its issuer.  And even if it was, a

---

[38] *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (providing the elements of standing).
[39] Nev. Rev. Stat. §§ 97A.160, 97A.165.
[40] *See* ECF No. 1-1 at ¶¶ 50–52.
[41] *Id.* at 38.

claim for relief on that basis could also only be brought by the injured party—Synchrony.[42] I therefore dismiss the claim with prejudice and without leave to amend.

### C. The Wilcoxes fail to state a claim under the FDCPA.

The Wilcoxes next claim that Portfolio violated the FDCPA while attempting to collect on the alleged debt. The FDCPA "prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices" and creates a private right of action to enforce its provisions.[43] To prevail on a claim under the FDCPA, a plaintiff must show that: (1) the defendant is a "debt collector"[44] (2) who violated any FDCPA provision[45] and (3) the alleged debt arose out of a transaction with a primarily personal purpose.[46] A "debt collector" includes: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[47]

Among other things, under the FDCPA, a debt collector may not "false[ly] represent" the "amount" of "any debt" or represent that "nonpayment of any debt will result in . . . imprisonment of any person."[48] In addition, debt collectors may not "caus[e] a telephone to ring or engag[e] any person in telephone conversation repeatedly or continuously with intent to

---

[42] *See Lujan*, 504 U.S. at 560.
[43] *Heintz v. Jenkins*, 541 U.S. 291, 292 (1995) (cleaned up); *see* 15 U.S.C. § 1692k.
[44] 15 U.S.C. § 1692a(6).
[45] 15 U.S.C. § 1692k.
[46] 15 U.S.C. § 1692a(5).
[47] 15 U.S.C. § 1692a(6).
[48] 15 U.S.C. §§ 1692e(2)(A), 1692e(4).

8

annoy, abuse, or harass any person at the called number" or "place[] telephone calls without meaningful disclosure of the caller's identity."[49] Phone calls to a "consumer"—a person allegedly obligated to pay any debt—may not be made at an "unusual time," including before 8 a.m. or after 9 p.m. "local time at the consumer's location."[50]

First, the Wilcoxes sufficiently allege, and Portfolio does not dispute, that Portfolio is a debt collector.[51] Second, the Wilcoxes allege a series of FDCPA violations. They claim that they were "threaten[ed]" and "harass[ed]" in writing and through numerous phone calls.[52] They often received calls before 8 a.m. and after 10 p.m., and in those calls, the callers allegedly used false names, false amounts of debt, and threats of jail time.[53] However, the Wilcoxes do not identify specific instances of communications that violated the FDCPA; they do not allege when these calls were received, who made or received them, or what exactly was said in them. They also do not attach any of the written harassing communications they received as exhibits to their complaint. And, finally, the Wilcoxes do not address any of the factual circumstances surrounding the alleged debt, let alone that it arose out of a transaction with a personal purpose. Because the Wilcoxes' FDCPA claim lacks detail about the FDCPA violations or the alleged debt's character, it is insufficiently pled. I dismiss it without prejudice and with leave to amend.

---

[49] 15 U.S.C. § 1692d(5)–(6).
[50] 15 U.S.C. § 1692c(a)(1); *see* 15 U.S.C. § 1692a(3).
[51] *See* ECF No. 1-1 at ¶ 3.
[52] *Id.* at ¶ 45.
[53] *Id.*

### D. The Wilcoxes fail to state a claim for defamation.

Contrary to Portfolio's assertions, the Wilcoxes' final claim—entitled "Injury to Reputation/Defamation"—does not "sound in fraud"; it sounds in defamation.[54] In Nevada, proving defamation requires establishing (1) "a false and defamatory statement of fact by the defendant concerning the plaintiff," (2) "an unprivileged publication to a third person," (3) "fault, amounting to at least negligence," and (4) "actual or presumed damages."[55] The Wilcoxes allege that Portfolio "deliberate[ly] and malicious[ly]" made false statements "regarding the plaintiffs['] previous account" to the three major credit bureaus, damaging their creditworthiness and resulting in actual damages in the form of, among other things, denied loans and increased fees.[56] While their allegations show that they were damaged, the Wilcoxes have not established that Portfolio made specific false statements to the credit bureaus or the circumstances surrounding those statements. And although they include conclusory statements that the Portfolio's alleged communications to the bureaus were deliberate and malicious, they have provided no facts that would show that to be the case. So, I dismiss the defamation claim without prejudice and with leave to amend.

## III. Leave to amend

I grant the Wilcoxes leave to amend their FDCPA and defamation claims only. If the Wilcoxes choose to file an amended complaint, they are advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself, and *every*

---

[54] *Id.* at ¶ 56; ECF No. 33 at 8.
[55] *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005).
[56] ECF No. 1-1 at ¶¶ 47–49, 56.

element of *every* claim must be supported by *specific* facts.[57]  They must file the amended complaint on this court's approved form, **it must be filed by October 4, 2021**, and it must be entitled "First Amended Complaint."  They may not amend the complaint to add unrelated claims against other defendants or to replead claims that were dismissed with prejudice in this order.  An amended complaint also may not include new claims based on events that have taken place since the original complaint was filed.

## Conclusion

IT IS THEREFORE ORDERED that defendant Portfolio Recovery Associates, LLC's motion to dismiss **[ECF Nos. 32, 33] is GRANTED**.

IT IS FURTHER ORDERED that:

- Plaintiffs' claims for fraud; theft of account, personal, and social security information; and violations of Nevada statutes are **DISMISSED with prejudice and without leave to amend** because amendment would be futile.

- Plaintiffs' claims for defamation and violations of the FDCPA are **DISMISSED without prejudice and with leave to amend**.

- Plaintiffs have until October 4, 2021, to file an amended complaint if they can cure the deficiencies identified in this order.  If the plaintiffs do not file an amended complaint that cures the deficiencies by October 4, 2021, this case will be deemed abandoned and closed without further prior notice.

---

[57] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

- **The Clerk of the Court is directed to send the plaintiffs the court's form pro se complaint for a civil case.**

_____
U.S. District Judge Jennifer A. Dorsey
September 14, 2021