## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Bruce Wilcox and Connie Wilcox, <br><br> Plaintiffs <br><br> v. <br><br> Portfolio Recovery Associates, LLC, <br><br> Defendant | Case No.: 2:20-cv-01545-JAD-NJK <br><br> **Order Granting in Part Motion to Dismiss with Leave to Amend** <br><br> [ECF No. 55] |

  Pro se plaintiffs Bruce and Connie Wilcox sued Portfolio Recovery Associates, LLC in state court in response to a now-dismissed debt-collection action initiated by Portfolio. Portfolio removed the case to federal court and moved to dismiss. In September, I granted that motion, dismissing with prejudice the Wilcoxes' fraud, theft, and state-law-based claims and dismissing with leave to amend their claims for defamation and violations of the Federal Debt Collection Practices Act (FDCPA). Portfolio now moves to dismiss the Wilcoxes' amended complaint, and I grant that motion in part. I dismiss the Wilcoxes' FDCPA claim as insufficiently pled, but I again grant them limited leave to amend because it appears based on their response to the motion to dismiss that they could plead a set of facts to sustain their claim, but those factual details must appear in their next amended complaint. But I find that the Wilcoxes have sufficiently pled their defamation claim, so I deny the motion as to that claim.

# Discussion[1]

## I.   Motion-to-dismiss standard

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[2]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[3] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some viable legal theory*."[4]  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[5]  A complaint that fails to meet this standard must be dismissed.[6]

But federal courts must also interpret all pleadings "so as to do justice,"[7] and the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[8]  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which

---

[1] The parties are familiar with the material facts of this case, so I do not repeat them here.  *See* ECF No. 52.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (noting that facts outside the complaint may not be considered at the dismissal stage unless they are "properly submitted as [exhibits incorporated within] the complaint").

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *see also Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) ("Uncontroverted allegations in the complaint must be taken as true, and factual disputes are construed in the plaintiff's favor.").

[5] Fed. R. Civ. P. 9(b).

[6] *Twombly*, 550 U.S. at 570.

[7] Fed. R. Civ. P. 8(e).

[8] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

would entitle [them] to relief."[9]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[10]

## II. The Wilcoxes' FDCPA claim must be dismissed.

The Wilcoxes claim that Portfolio violated the FDCPA while attempting to collect on an allegedly fraudulent debt.  The FDCPA "prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices" and creates a private right of action to enforce its provisions.[11]  To prevail on a claim under the FDCPA, a plaintiff must show that: (1) the defendant is a "debt collector"[12] (2) who violated any FDCPA provision[13] and (3) the alleged debt arose out of a transaction with a primarily personal purpose.[14]  Any private claim under the statute must be brought within one year of the violation.[15]

Portfolio moves to dismiss the Wilcoxes' FDCPA claim on two primary grounds: (1) most, if not all, of the allegations of FDCPA violations are barred by the one-year statute of limitations and (2) even if the claim were timely, the Wilcoxes have failed to sufficiently plead facts to show a statutory violation.[16]  The Supreme Court has held that courts must strictly

---

[9] *Id.* (cleaned up).

[10] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[11] *Heintz v. Jenkins*, 541 U.S. 291, 292 (1995) (cleaned up); *see* 15 U.S.C. § 1692k.

[12] 15 U.S.C. § 1692a(6).

[13] *Id.* at § 1692k.

[14] *Id.* at § 1692a(5).

[15] *Id.* at § 1692k(d).

[16] *See* ECF No. 55.  Portfolio also attempts to rebuff the Wilcoxes' attempt to seek injunctive relief for the FDCPA violations they allege. *Id.* at 4 n.1.  Although the Wilcoxes style their request for injunctive relief as a separate claim, I construe it as an additional prayer for relief, not

enforce the FDCPA's statute of limitations.[17] The Wilcoxes initially filed this case in state court on March 11, 2020,[18] so any FDCPA claims based on violations occurring before March 11, 2019, are time barred. Because most, but not all, of their claims rely on Portfolio's actions before 2019, I grant in part the motion and dismiss those claims with prejudice. But it is unclear whether any of Portfolio's collection efforts and allegedly unlawful harassment of the Wilcoxes took place within the limitations period, so I dismiss any remaining portion of their FDCPA claim without prejudice and with leave to amend.

### III. The Wilcoxes state a colorable claim for defamation.

In Nevada, proving defamation requires establishing (1) "a false and defamatory statement of fact by the defendant concerning the plaintiff[s]," (2) "an unprivileged publication to a third person," (3) "fault, amounting to at least negligence," and (4) "actual or presumed damages."[19] The Wilcoxes allege that Portfolio "reckless[ly and] deliberate[ly]" "provided false information" to the three major credit bureaus, damaging their creditworthiness and reputation and resulting in actual damages in the form of, among other things, denied home loans and credit-limit increases.[20] Portfolio only contests whether the first-amended complaint establishes the first element of defamation.[21] Although the Wilcoxes did not plead the exact statements Portfolio made, they allege that on a "date unknown," Portfolio intentionally or recklessly

---

its own claim. So they did not run afoul of my last order by including such a request in their first-amended complaint.

[17] *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019); *see* 15 U.S.C. § 1692k(d).
[18] ECF No. 1-1.
[19] *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005).
[20] ECF No. 53 at ¶¶ 28–30, 52–54.
[21] ECF No. 55 at 5–6.

informed the credit bureaus that they had defaulted on a debt they did not owe.[22]  Liberally construing the complaint, I find that these allegations are sufficient for their claim to survive dismissal at this early stage in the proceedings, so I deny the motion to dismiss this claim.

## IV.     Leave to amend

I grant the Wilcoxes leave to amend their FDCPA claim.  If the Wilcoxes choose to amend their complaint, they are advised that a second-amended complaint fully replaces their first-amended complaint, so the second-amended complaint must be complete in itself, and *every* element of *every* claim—including the not-dismissed defamation claim—must be supported by *specific* facts.[23]  All the details underlying both of their claims **must be incorporated into their second-amended complaint**, as that document is all that the court will consider in determining whether they've pled plausible claims.  The Wilcoxes should not wait to include those details or attach exhibits in response to a future motion to dismiss because the court cannot consider them at that point.  They must file the amended complaint on this court's approved form; **it must be filed by June 24, 2022**; and it must be entitled "Second Amended Complaint."  The Wilcoxes may not amend the complaint to add unrelated claims against other defendants, replead claims that were previously dismissed with prejudice, or include new claims based on events that have taken place since the original complaint was filed.

. . .

---

[22] *Id.* at ¶ 28.

[23] *See Hal Roach Studios*, 896 F.2d at 1546 (holding that "an amended pleading supersedes the original").

**Conclusion**

IT IS THEREFORE ORDERED that defendant Portfolio Recovery Associates, LLC's motion to dismiss **[ECF No. 55] is GRANTED in part and DENIED in part**. The Wilcoxes' claim for violations of the FDCPA is **DISMISSED in part without prejudice and in part without prejudice and with leave to amend** as stated in this order. The Wilcoxes have until June 24, 2022, to file an amended complaint if they can cure the deficiencies identified in this order. **If they do not file an amended complaint by June 24, 2022, this case will proceed on their defamation claim only.**

The Clerk of the Court is directed to **SEND** the plaintiffs the court's form pro se complaint for a civil case.

_____
U.S. District Judge Jennifer A. Dorsey
June 3, 2022

6