# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRUCE WILCOX, et al.

    Plaintiffs,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

Case No. 2:20-cv-01545-JAD-NJK

**Order**

[Docket Nos. 84, 90]

Pending before the Court is Defendant's motion to compel depositions. Docket No. 84. Also pending before the Court is Plaintiffs' motion for protective order regarding the depositions Defendant seeks to compel. Docket No. 90. The Court construes *pro se* filings liberally, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), and, therefore, construes Plaintiffs' motion to be a response to Defendant's motion. Defendant filed a reply to its motion to compel, notifying the Court of Plaintiffs' purported failure to respond to its motion to compel. Docket No 93. Defendant also filed a response to Plaintiffs' motion for protective order. Docket No. 95. The Court construes Defendant's response to Plaintiffs' motion to also be a reply in support of Defendant's motion to compel. *See* Docket No. 93 at 2. For the reasons more fully discussed below, Defendant's motion to compel depositions is **GRANTED** and Plaintiffs' motion for protective order is **DENIED**.

Plaintiffs' claims arise primarily from Defendant's alleged violations of the Fair Debt Collection Practices Act. *See* Docket No. 74 at 11. Defendant now seeks to compel Plaintiffs' depositions, *see* Docket No. 84, to which Plaintiffs object on the basis of spousal privilege, *see* Docket No. 90.

**I.    STANDARDS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1).

Relevance during discovery is broader than relevance at trial. *E.g., F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). "The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). Meeting that burden requires the objecting party to explain "how each of its objections is applicable, by providing the relevant standard for each objection and a meaningfully developed argument as to how the standard has been met." *Hinostroza v. Denny's Inc.*, 2018 WL 3212014, *1 (D. Nev. 2018) (citing *Green v. Bacca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005)). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**II.     DISCUSSION**

Plaintiffs must sit for depositions in this case. Plaintiffs are the initiating parties in this action and, therefore, their depositions are key to developing the record. Indeed, the Federal Rules of Civil Procedure frame party depositions as being nearly compulsory. *See* Fed. Rs. Civ. P. 30(a) (leave of the court generally not required to depose a party); 37(d)(1)(A) (parties can be sanctioned for failing to appear at their noticed deposition). Further, unless there is a pending motion for protective order, a party must appear at his deposition even if he considers the discovery sought objectionable. *Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008). Notwithstanding their obligation as parties to sit for depositions, Plaintiffs submit that spousal privilege bars their depositions.

Privileges in cases asserting federal law claims are governed by federal common law except as modified by the Constitution, federal statute, or a rule prescribed by the Supreme Court. Fed. R. Evid. 501. "The Supreme Court has recognized two privileges that arise from the marital relationship. The first permits a witness to refuse to testify against his or her spouse." *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004) (citing *Trammel v. United States*, 445 U.S. 40, 53 (1980)). This "adverse spousal testimony privilege" applies only in criminal prosecutions. *Transfirst Holdings, Inc. v. Magliarditi*, Case No. 2:16-cv-00322-APG-NJK, 2016 WL 3067437, at *3 (D. Nev. May 31, 2016) (quoting *United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006), and, citing *Trammel*, 445 U.S. at 52).

"The second privilege, called the 'marital communications' privilege," protects private communications made between spouses. *Montgomery*, 384 F.3d at 1056 (quoting *Wolfle v. United States*, 291 U.S. 7, 14 (1934)). Because this is not a criminal prosecution, Plaintiffs may only rely on the marital communications privilege. "The privilege (1) extends to words and acts intended to be a communication; (2) requires a valid marriage; and (3) applies only to confidential communications, i.e., those not made in the presence of, or likely to be overheard by, third parties." *Id.* (internal citations omitted). Courts "narrowly construe the marital communications privilege because it obstructs the truth-seeking process." *Veracities PBC v. Strand*, 602 F. Supp. 3d 1354, 1357 (D. Or. 2022) (quoting *United States v. Marashi*, 913 F.2d 724, 729-30 (9th Cir. 1990)). Invocation of the marital communications "privilege must be made and sustained on a question-by-question or document-by-document basis." *Transfirst Holdings*, at *3 (quoting *United States v. Christensen*, 801 F.3d 970, 1007 (9th Cir. 2015), *amended and superseded on other grounds by*, 828 F.3d 763 (9th Cir. 2015)). "Failure to object waives the marital communications privilege." *Id.* (citing *United States v. Vo*, 413 F.3d 1010, 1017 (9th Cir. 2005)). If a communication is found to be a marital communication, it is "presumptively confidential , and the party seeking disclosure of such communications bears the burden of demonstrating otherwise." *Veracities*, 602 F. Supp. 3d at 1357 (quoting *Marashi*, 913 F.2d at 730)).

Plaintiffs make too broad an assertion of spousal privilege. A deponent may be asked any number of questions regarding topics relevant to the litigation. Without knowing what information a specific question seeks, it is impossible to determine whether the sought information is privileged. Plaintiffs are spouses and, therefore, the marital communications privilege may be applicable to some portion of their deposition testimony. There is, however, discovery sought by Defendant at Plaintiffs' depositions that is not within the marital communications privilege. Plaintiffs initiated this case and, consequently, exposed themselves to the discovery process. The marital communications privilege may protect them from certain discovery inquiries. The marital communications privilege, however, cannot bar Plaintiffs' depositions entirely.

## III. CONCLUSION

Accordingly, Defendant's motion to compel depositions is **GRANTED**.[1] Docket No. 84. Plaintiffs are **ORDERED** to sit for depositions at a time and place to be noticed by Defendant.[2] Plaintiffs' motion for a protective order is **DENIED**. Docket No. 90.

IT IS SO ORDERED.

Dated: June 15, 2023

Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court grants Defendant's motion only to the extent that it asks the Court to compel Plaintiffs' depositions. Any other relief is denied.

[2] Defendant requests that the Court order Plaintiffs to sit for their depositions before this case's June 21, 2021, discovery deadline. Docket No. 95 at 5. The Court declines to order Plaintiffs to sit for a deposition at any specified time or locations. To the extent an extension of the discovery deadlines is necessary, the parties may file a stipulation seeking such relief. The parties are reminded of the Court's expectation that they will fulfill their responsibility to act cooperatively in discovery, including in the scheduling of depositions and extension of deadlines.